IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY SIMS, ) | No. C 11-4801 LHK (PR) |
| Plaintiff, ) | ORDER OF DISMISSAL |
| v. ) | |
| PEOPLE OF THE STATE OF ) CALIFORNIA, et al., ) | |
| Defendants. ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court DISMISSES the complaint without prejudice.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

In his complaint, Plaintiff alleges that in 1985 and 2002, he received 5-year sentencing enhancements for a 1979 prior conviction that did not occur. Specifically, Plaintiff argues that when he was sentenced for crimes in 1985 and 2002, the superior courts relied upon a 1979 prior conviction for robbery. However, asserts Plaintiff, the 1979 prior conviction is invalid. Thus, he requests money damages for having been falsely imprisoned for ten years.

Plaintiff's complaint must be dismissed for several reasons. First, Plaintiff concedes that he failed to exhaust his claim. (Compl. at 2.) A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. *Id.* at 85-86 (citing *Booth*, 532 U.S. at 734). Plaintiff does not claim that any exception to exhaustion applies to him.

Second, Plaintiff names the following as Defendants: the State of California, a court reporter for the superior court, court clerks for the superior court, court appointed attorneys who represented him in his previous state criminal cases, assistant district attorneys, a superior court judge, and the Department of Corrections prison staff. Most of these Defendants are immune, and thus, are subject to dismissal. *See, e.g.*, *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985) (recognizing that the Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state); *Polk County v. Dodson*, 454 U.S. 312, 317-25 (1981) (noting that appointed defense attorneys do not act under color of state law in representing their clients, and therefore, cannot be

sued under Section 1983); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (concluding that a state prosecuting attorney enjoys absolute immunity from liability under Section 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process"); *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under Section 1983).

Third, Plaintiff merely states that these Defendants acted negligently in their duties. However, neither negligence nor gross negligence is actionable under Section 1983 in the prison context. *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994). Nor is negligence actionable under § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). Plaintiff does not assert that the harm purportedly inflicted by Defendants rose to the conscience-shocking level required to support a substantive due process claim under Section 1983. *See id.*

Finally, Plaintiff's complaint is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). The United States Supreme Court has held that to recover damages in a suit under Section 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under Section 1983. *Id.* If Plaintiff's claim of false imprisonment based on improper sentencing enhancements are proven true, this would call into question the validity of his sentence, and continued incarceration. Therefore, any claims for money damages are barred by *Heck.*

## CONCLUSION

For the foregoing reasons, this case is DISMISSED without prejudice.

Order of Dismissal
P:\pro-se\sj.lhk\cr.11\Sims801disheck                 3

1     The clerk shall enter judgment and close the file.

2     IT IS SO ORDERED.

3 DATED:   11/30/11

    *Lucy H. Koh*
4     LUCY H. KOH
    United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
P:\pro-se\sj.lhk\cr.11\Sims801disheck     4